UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| OMAR RIASCOS, | ) | CASE NO. 4:09 CV 1564 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| RODDIE RUSHING, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Pro se petitioner Omar Riascos filed the above-captioned habeas corpus action pursuant to 28 U.S.C. §2241. He names Warden Roddie Rushing at Northeast Ohio Correctional Center (N.E.O.C.C.), the United States of America, F.C.I. Loretto, the Bureau of Prisons and the Department of Justice as respondents. Mr. Riascos, who is imprisoned at N.E.O.C.C., asserts his sentence should be credited for time served and reduced "in line with the reductions of similar cases." (Pet. at 2.) For the reasons set forth below, the petition is dismissed.

*Background*

Mr. Riascos pleaded guilty to conspiracy to possess with intent to distribute 5 or more kilograms of cocaine in the United States District Court for the Southern District of Florida. United States v. Riascos, No. 03cr10024-04 (S.D. Fl. 2003). He was sentenced to an undisclosed term of imprisonment on March 23, 2004.

In 2005, petitioner filed a Motion to Vacate his sentence, arguing ineffective assistance of counsel. See Riascos v. United States, No. 05cv10068 (S.D. Fl. 2005). The motion was denied on February 28, 2006 as time-barred.

Petitioner now argues he is still entitled to challenge his sentence because he has no other options. Complaining he received no post-judgment assistance from his attorney, the BOP, his former prison F.C.I. Loretto or the government, Mr. Riascos asserts it would be a "travesty of justice" to allow him to continue serving his sentence. He maintains that even though it was his co-defendants who played a "major role [they] got reduced sentences on 2255 motions." To him, this is further confirmation he received ineffective assistance of counsel. But for the fact he "could not afford a legal advisor," Mr. Riascos concludes he would be "living a life of Freedom and Liberty" like his co-defendants.

*Standard of Review*

Once an application for a writ of habeas corpus is filed, a judge "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243 (emphasis added.) Based on the facts set forth belief, petitioner is not entitled to habeas relief in this matter.

*28 U.S.C. §2241*
*Safety Valve*

Claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996);Cohen v. United States, 593 F.2d 766, 770 (6th

Cir.1979). A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause").

Mr. Riascos has failed to show that his § 2255 remedy is inadequate or ineffective. A prisoner's remedy under § 2255 is not inadequate or ineffective merely because he is time-barred or otherwise procedurally barred from seeking relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997), because the prisoner has already filed one motion to vacate, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), or because the prisoner has been denied permission to file a second or successive motion to vacate. United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001). Furthermore, unlike other prisoners who have obtained review of their viable innocence claims under § 2241 because they did not have a prior opportunity to present their claims, see, e.g., In re Davenport, 147 F.3d 605, 609, 611 (7th Cir.1998), petitioner had the opportunity to raise a claim of innocence in his § 2255 motion but failed to do so. Petitioner has failed to establish any post-judgment obligation for the respondents are responsible, as a matter of law.

## Conclusion

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*signature* 10/30/09
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

3